State, Hand, Pros., v. City Council of Elizabeth.

THE STATE, LUTHER HAND, PROSECUTOR, v. THE CITY COUNCIL OF THE CITY OF ELIZABETH.

1. The 2d section of the supplement to the charter of the city of Elizabeth, authorizing certain improvements to be made in the streets, requires that, before making such improvements, the council shall give notice in the newspapers of the city for two weeks, briefly describing such proposed improvement, and requesting all persons objecting thereto to appear before the council at a certain time and place, to be heard thereon ; and also requires that like notice shall be served upon each owner of land upon or before which the improvement is to be made, or a copy left at his place of abode, if resident within the city, ten days before the time of hearing; and if not resident, by notice directed to his address, and put in the post-office at least ten days before the appointed time ; and if the owner's residence is not known, then the advertisement to be deemed sufficient.

The public notice in the papers having been shown, it is sufficient that the other notices required were given by the street commissioner ; he was the agent of the council, and acted in the matter under their direction and authority.

2. The assessment made for the improvements was not illegal, because, by the contract for paving the street, the contractor was to be paid by bonds of the city, payable at five years, with interest at 7 per cent.

3. Although it does not appear by any of the proceedings of the common council, copied in the case, that the report of the commissioners to assess the expenses was filed in the office of the city clerk for the inspection of parties interested, yet it appearing that the prosecutors, in their written remonstrance to the council, stated that the report was on file in the office of the city clerk; this was held sufficient evidence of the fact.

4. The notice given by the commissioners of the time of meeting to hear objections, &c., was for " Friday, the 6th July next," and was without date. But the prosecutors having appeared at the proper time, and having been heard by counsel on the merits, without objections for want of notice, cannot now take advantage of the defect.

On writ of error to the Supreme Court.

For case and opinion of the court, see 1 *Vroom* 465.

*J. Alward* and *B. Williamson,* for plaintiff in error.

*R. S. Green* and *F. T. Frelinghuysen,* for defendant in error.

HAINES, J.   The second section of the supplement to the act to establish the city of Elizabeth, authorizes the city council to order and cause any street or section of a street within the lamp and watch district of said city, to be graded, graveled, paved, or macadamized, in such manner as they may deem advisable, at the expense of the owners of lands and real estate on the line of said street or section of a street.

On the first day of August, 1859, the city council, by an ordinance passed that day, and duly approved by the mayor, determined to pave First street, between Broadway and Elizabeth avenue, in that city.

The improvement was subsequently made, and the expenses of it assessed upon the owners of the lands and real estate on the line of the street.

The assessment and proceedings were removed by *certiorari* to the Supreme Court, where they were considered and affirmed.

The prosecutors, by writ of error, have removed the judgment and proceedings to this court, and asked to have the judgment of the Supreme Court reversed, and the assessment set aside.

The first reason assigned for reversal is the want of notice of the proposed improvement, according to the provisions of the act.

The second section, which gives the power to improve, has a proviso by which it is required " that before the city council shall determine that such improvement is to be made or work done, they shall give notice in a newspaper printed and published in the city of Elizabeth, by advertisement, for at least two weeks, briefly describing such work, road, alley, park, or improvement, and requesting all persons who may object thereto or be interested therein, to appear, in person or by agent, before the city council or their committee, at a time and place to be designated therein, to be heard in reference thereto; and, by another proviso, a like notice is required to be served on each owner of land upon or before which said improvement is to be made or work done, or

State, Hand, Pros., v. City Council of Elizabeth.

leaving a copy thereof at his or her residence, if they reside within the city of Elizabeth, at least ten days before the time appointed; or if non-residents, then by placing said notice in the post office, directed to their address, if known, at least ten days before the time appointed; but if the owner's residence is not known, then the notice by such public advertisement shall be deemed sufficient."

By the case it appears, upon the testimony of one of the owners and publishers of the New Jersey Journal, a newspaper printed and published in the city of Elizabeth, that a notice, a copy of which was exhibited, was published in that paper on the 24th and 31st days of May, 1859.

On reference to the copy of the notice exhibited, we find that it does briefly describe the improvement proposed, and requests all persons interested to appear, in person or by agent, before the street committee of the council, at the court-house in said city, on the 8th day of June then next, at three o'clock P. M., to be heard in reference thereto.

This notice fully and almost literally complies with the terms of the act, and was published for at least two weeks before the time designated, and was, by order of the city council, signed by their clerk.

By the deposition of the street commissioner, admitted by consent, it further appears that he, as such commissioner, gave a like notice to the resident owners, by either serving it on them personally or leaving it at their houses, more than ten days before the time designated; and to the non-residents by placing it in the post office, postage paid, and directed to their address, when he could ascertain the same, at least ten days before the time of hearing.

This was a further literal compliance with the requirements of the act.

That the notice was given by the street commissioner is cause of no complaint. He was the authorized agent of the council, and parties in interest who had objections to the improvement were duly notified of the time and place, and of the committee before whom to appear.

2. Another cause assigned for reversal is, that the ordinance is void, because the report of the committee to whom was referred the petition of the applicants for the improvement, made on the 9th May, did not state that a majority of the resident owners of property on the street had made the application.

But on the 9th June, more than fifty days before the ordinance was passed, the committee made a report stating that fact.

The act requires that such improvements shall be made only on the application of a majority of the resident owners; and if the report of the committee was true, that condition was fully complied with before the passage of the ordinance.

3. The objection that the ordinance was not approved by the mayor is not true in fact. It was signed and approved by him on the 4th of August.

An ordinance for the same improvement, previously passed by the council, had been returned by the mayor without his signature, for some informality. But this was a new ordinance, regularly passed and approved.

4. It was further objected that the assessment is illegal, because, by the terms of the contract for paving the street, the contractor was to be paid by the bonds of the city at the end of five years, with interest at seven per cent.

Such a contract is not illegal, nor can it render the assessment void. It was probably made in analogy to the provision of the fourteenth section of the supplement, by which the owners are permitted to pay the amounts of their assessments within sixty days after notice, in money or by bonds at five years, with interest at eight per cent. There is nothing unlawful or unjust in such a contract.

The council could lawfully contract for the performance of the work for cash or credit. And as the owners of the property improved had the right to a credit of five years, it may have been most to the advantage of all concerned to pay for the work by city bonds, rather than by cash, to be raised at a premium, or by sale of the bonds at a discount.

It is a sufficient answer to the objection, that nothing appears to have been done unlawfully, or to the injury of the parties.

5. It is further objected to the assessment, that it was made by the lineal foot, and not in proportion to the benefits. The act requires the commissioners to make a just and equitable assessment of the whole amount of the costs and expenses, upon the owners of the land and real estate upon the line of the street. The assessment appears to have been made by the lineal foot; but there is no evidence that such was not the mode most just and equitable. Had the owners themselves been required to do the work, that would have been the proportion of the expense.

The assessment was not made against the owners of lands on any other street, for the simple reason that the act requires it to be upon the owners of land on the line of the street improved. It necessarily included the expense of paving over the streets which crossed First street. It would have been a poor improvement of a street to pave in front of the blocks, and leave the parts of it crossing intersecting streets unpaved.

Parts of the former flagging and guttering were removed, and replaced by other work; but, by the testimony, that appears to have been necessary in order to maintain the proper grade, and to complete the improvement in a workmanlike manner.

6. The prosecutors complain, also, that the report of the commissioners to assess the expenses and costs of the improvement, was not placed on file in the office of the city clerk, for the examination of the parties interested therein; and that no notice of its being so filed was given, as required by the tenth section of the act.

It does not appear by any of the proceedings of the council or of their committee, copied with the case, that the report was on file in the office of the clerk, or that notice of its being filed was given. But the prosecutors, in their written remonstrance to the council, state their objections to what they call "the report on file in the office of the city clerk," and thus furnish the evidence of the report being on file.

7. It is further objected that the notice given by the commissioners of the time and place of meeting to hear objections, is without date. It states the time of meeting to be on " Friday, the 6th July next, at two o'clock P. M." The report of the committee, dated the 6th of July, 1860, states that they met at the court-house, pursuant to notice previously given, as required by the charter, and proceeded to examine the report and the objections, and to hear counsel on the same. This is sufficient to supply the want of date to the notice. The parties interested were informed of the time and place of meeting, and they appeared before the committee and were heard by the council, and their objections duly considered.

There appears to be no valid objection to the ordinance or to the proceedings under it, and the judgment of the Supreme Court sustaining the assessment should be affirmed, with costs.

*For affirmance*—BEASLEY, C. J., CLEMENT, CORNELISON, ELMER, FORT, GREEN, CH., HAINES, KENNEDY, VAN DYKE, WALES.    10.

*For reversal*—NONE.

CITED in *State, Copeland, pros.,* v. *Village of Passaic,* 7 *Vroom* 387 ; *State, Pudney, pros.,* v. *Village of Passaic,* 8 *Vroom* 68.